FILED

2013 AUG 16 PM 3:35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| FREDDY GONZALEZ, JR., J-40996, | CASE NO. 12cv2153-WQH(KSC) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |
| vs. | |
| J. PARTIDA, et al., | |
| Defendant. | [Doc. No. 11] |

Plaintiff Freddy Gonzalez, Jr., a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to Title 42, United State Code, Section 1983, alleging violations of his Eighth Amendment right to be free of cruel and unusual punishment. [Doc. No. 1.] Defendants have filed a Motion to Dismiss the Complaint pursuant to Federal Rule 12(b) for failure to exhaust administrative remedies as to the excessive force claim against defendant J. Partida, and pursuant to Federal Rule 12(b)(6) for failure to state a claim against defendants S. Rutledge and A. Lewis. [Doc. No. 11.] Plaintiff has opposed the Motion. [Doc. No. 14.] Defendants also filed a Reply to plaintiff's Opposition. [Doc. No. 15.]

For the reasons outlined more fully below, it is RECOMMENDED that defendants' Motion to Dismiss for failure to exhaust administrative remedies be GRANTED. It is further RECOMMENDED that the Complaint be dismissed with prejudice and without leave to amend as to defendant J. Partida and as to any claim

alleging excessive force arising out of an incident that occurred on October 19, 2010. As to defendants S. Rutledge and A. Lewis, it is RECOMMENDED that the Eighth Amendment claims alleged against them in the Complaint be dismissed without prejudice and with leave to amend.

## *Background*

In the Complaint ("Complaint"), plaintiff alleges that defendant J. Partida violated his Eighth Amendment right to be free of cruel and unusual punishment when he used excessive force during a prison riot. According to plaintiff, defendant J. Partida shot him in the left leg with a rifle from the control tower on October 19, 2010. Plaintiff believes that defendant J. Partida used the "most deadly force" available to him but that he should have used a lesser form of force to control the riot. The Complaint does not include any allegations explaining the basis for any claim against the other two named defendants, S. Rutledge and A. Lewis. [Doc. No. 1, at p. 3.]

## *Discussion*

### *Motion to Dismiss for Failure to Exhaust Administrative Remedies*

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) "creates a defense—defendants have the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune* 315 F.3d 1108, 1119 (9th Cir. 2003). "[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-1120.

///

- 2 -

12cv2153-WQH(KSC)

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006). "[P]roper exhaustion of administrative remedies is necessary." *Id.* In *Woodford v. Ngo*, 548 U.S. at 81, a California inmate was restricted from participating in certain programs, including religious activities, because he allegedly acted inappropriately in a prison chapel. *Id.* at 86-87. About six months after the restriction was imposed, the inmate filed a grievance challenging the restriction, and the grievance was rejected as untimely. *Id.* at 87. The inmate appealed the rejection of his grievance through the inmate appeals process without success and then filed a complaint in a Federal District Court. *Id.* Because the inmate's grievance was untimely, the District Court granted the defendants' motion to dismiss for failure to exhaust administrative remedies. *Id.*

On appeal, the Ninth Circuit in *Woodford v. Ngo* concluded that the inmate had exhausted his administrative remedies "simply because no such remedies remained available to him." *Id.* In other words, the inmate's grievance was untimely, but this was irrelevant to the Ninth Circuit because administrative remedies were no longer available to the inmate. By contrast, other Courts of Appeal considering similar circumstances had reached the conclusion that proper exhaustion according to the prison's administrative rules was required to satisfy the exhaustion requirement. The Supreme Court granted certiorari to address the conflict, and reversed the Ninth Circuit's decision. *Id.* In reaching its conclusion that proper exhaustion is required in accordance with the prison's administrative rules, the Supreme Court rejected the inmate's contention that the untimeliness of his grievance was irrelevant. *Id.* at 88-93.

As the Supreme Court noted in *Woodford v. Ngo*, 548 U.S. at 81, California has a "relatively simple" grievance process for prisoners who seek to challenge decisions made or actions taken by prison authorities. *Id.* at 85. Under the regulations in place when plaintiff's excessive force claim arose, the grievance process generally required a prisoner to proceed through four levels of review. However, if the prisoner's

grievance alleged the use of excessive force by a staff member, the first or informal level of review was automatically bypassed. As a result, plaintiff was required to proceed directly to the first or formal review level by submitting an appeal directly to the appeals coordinator's office within 15 working days of the event or occurrence being appealed.[1] [Doc. No. 11-4, Nava Decl., at pp. 2-3.] "When an appeal is properly submitted at the formal level, it is assigned a log number–regardless of its disposition–for tracking purposes and to prevent inmates from asserting staff lost the appeal. If an appeal is not properly or timely submitted, it will not be assigned for process, but is instead 'screened out' and returned to the inmate with written instructions on how to cure the defects, if possible." [Doc. No. 11-4, Nava Decl., at p. 3.] If he is not satisfied after the first formal level of review, the prisoner can proceed to the second and third levels of review. [Doc. No. 11-4, Nava Decl., at p. 2.]

In their Motion to Dismiss, defendants contend that the Court should dismiss plaintiff's Complaint because he failed to properly exhaust his administrative remedies before he filed suit in Federal Court. According to defendants, plaintiff did not properly exhaust his administrative remedies because he did not submit his appeal to the appeals coordinator's office within 15 working days of the event giving rise to his excessive force claim. [Doc. No. 11-1, at pp. 5-8.] In support of their position, defendants submitted a Declaration by P. Nava, an Appeals Coordinator at Calipatria State Prison ("Calipatria"), who is familiar with the inmate appeals process in the facility where plaintiff was housed at the time of the alleged excessive force incident. [Doc. No. 11-4, Nava Decl., at pp. 1-2.] The Appeals Coordinator's Declaration states that a search was performed of the records kept at Calipatria during the ordinary course of business at the time in question. This records search revealed that plaintiff "did *not*

---

[1] New administrative appeals regulations that went into effect on January 28, 2011 now require an appeal to be submitted with 30 calendar days of the event or decision being appealed. Cal. Code Regs. tit. 15, § 3084.8(b)(1) (2011). These new regulations allow a prisoner to submit an administrative appeal contesting the cancellation of a prior appeal. Cal. Code Regs. tit 15, § 3084.6(e) (2011). [Doc. No. 11-4, Nava Decl., at p. 4-5.]

timely and properly submit any administrative appeals" alleging that prison officials used excessive force during the incident on October 19, 2010. [Doc. No. 11-4., Nava Decl., at p. 3-4.]

The records search did reveal that plaintiff submitted an untimely appeal to the appeals coordinator on April 8, 2011, months after the 15-day deadline had passed. According to the appeals coordinator, plaintiff attempted to "back date" this appeal to November 3, 2010, so that it would appear timely. After receiving plaintiff's paperwork on April 8, 2011, an appeals coordinator interviewed plaintiff and determined that he had not previously submitted the appeal. [Doc. No. 11-4, Nava Decl., at pp. 3-4.] Because it was received about four months after the deadline had passed, this appeal was "rejected and cancelled." [Doc. No. 11-4, Nava Decl., at p. 3.] Plaintiff's appeal was not given a log number because it was not "properly submitted and accepted for review and processing." [Doc. No. 11-4, Nava Decl., at p. 4.]

After his appeal was cancelled as untimely, plaintiff submitted a new appeal contesting the cancellation and seeking reinstatement of the original appeal. [Doc. No. 11-4, Nava Decl., at p. 5 and Ex. D, pp. 15-23.] In this new appeal, plaintiff claimed that he submitted his original appeal on November 3, 2010. After one month, he inquired about the status of his 602, but there was no response. [Doc. No. 11-4, Ex. D., at p. 18-19.] He also explained that he was hospitalized from the date of the incident, October 19, 2010, until November 2, 2010. On December 13, 2010, he was apparently re-hospitalized for an infection in his wounded leg and did not return to Calipatria until December 17, 2010.[2] At this time and while he was housed at Los Angeles County Jail until March 17, 2011, plaintiff claims he "tried [his] best to inquire as to the status of

---

[2] Referring to Exhibit D to the Nava Declaration, which was submitted in support of defendants' Motion to Dismiss, defendants contend that plaintiff took the position in this new appeal that his "absences from [Calipatria] were the reasons he submitted the original appeal late." [Doc. No. 11-4, at p. 5.] However, as the Court reads Exhibit D, plaintiff maintained during this new appeal that his original appeal was submitted on November 3, 2010, but he did not re-submit this original appeal until April 6, 2011 because of his absences from Calipatria. Until April 6, 2011, plaintiff claims that he inquired about the status of his original appeal but did not receive a response. [Doc. No. 11-4, Ex. D, at p. 18.]

[his] 602 to no avail." Plaintiff also indicates that because of his health during this time period, the status of his appeal was not his highest priority. In addition, plaintiff states that there were "limited resources" while he was in "Central Health," which made it harder to acquire the necessary paperwork to check the status of his appeal. [Doc. No. 11-4, Ex. D, at p. 19.] Plaintiff also claimed that he followed all proper procedures but his appeal was "misplaced or lost" by prison officials. [Doc. No. 11-4, Ex. D., at p. 19.]

Although plaintiff's new administrative appeal was accepted at the first level of review, it was ultimately rejected. [Doc. No. 11-4, Ex. D, at p. 16.] In a memorandum dated June 28, 2011, plaintiff was advised that his request for reinstatement of his purported original appeal was denied, because prison officials concluded after investigation that it was submitted late in April 2011 and not on November 3, 2010 as plaintiff claimed. After inquiry, the reviewer also concluded that while plaintiff was housed in the Central Infirmary from November 3, 2010 through December 13, 2010, all necessary appeal forms were available to him and his injury did not in any way prevent him from filing a timely appeal. This memorandum also states that the incident on October 19, 2010 was investigated by the Bureau of Independent Review and Office of Internal Affairs, and "it was determined that the [use of force] during the incident was within Departmental Policy and Procedure." [Doc. No. 11-4, Ex. E, at pp. 25-27.]

After the denial of his reinstatement request at the first level review, plaintiff submitted another appeal at the second level of review. [Doc. No. 11-4, Ex. D, at p. 17.] However, on August 12, 2011, this second review level was denied because plaintiff did not present "any new compelling information that would require modification of the First Level Review decision." [Doc. No. 11-4, Ex. F., at pp. 30-31.] The same request for reinstatement was also submitted to and rejected at the third and final level of review. [Doc. No. 11-3, Lozano Decl., at pp. 3-4, Ex. B, at pp. 9-10.]

Based on the foregoing, defendants argue that the evidence they submitted is sufficient to meet their burden of establishing that plaintiff failed to timely exhaust his

administrative remedies with respect to his claim of excessive force during the incident on October 19, 2010. Referring to plaintiff's Opposition, defendants also contend that plaintiff has not submitted any contrary evidence even though he was notified pursuant to *Wyatt v. Terhune*, 315 F.3d at 1114-1115, that he had the right to submit counter-affidavits or other responsive evidentiary materials in opposition to defendants' Motion to Dismiss. As a result, defendants seek a dismissal of the Complaint without leave to amend. [Doc. No. 15, Defs.' Reply, at pp. 2-5.]

In his Opposition to defendants' Motion to Dismiss, plaintiff argues once again that he filed a timely appeal on November 3, 2010 but received no response. He was then sent to Los Angeles County Jail for a new trial of his underlying criminal case on January 20, 2011. When he returned to Calipatria on March 17, 2011, he inquired about the status of his appeal and was told that no appeal was filed. He then re-submitted his appeal but it was cancelled as untimely. [Doc. No. 14, Opp'n, at pp. 4-5.] Citing several out-of-circuit cases decided prior to the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. at 81, plaintiff argues that he satisfied the exhaustion requirement because the appeals coordinator did not respond to his original appeal within established guidelines, so no further administrative remedies were "available" to him. [Doc. No. 14, Opp'n, at p. 5.] However, plaintiff's argument is unsupported by any evidence other than a copy of his appeal dated November 3, 2010 with a received stamp of April 8, 2011. [Doc. No. 1, at p. 33] In other words, plaintiff has not submitted anything to overcome defendants' evidence showing plaintiff failed to timely exhaust his administrative remedies. Therefore, based on the record and the Supreme Court's decision in *Woodfood v. Ngo*, 548 U.S. at 81, it is RECOMMENDED that the District Court GRANT defendants' Motion to Dismiss plaintiff's excessive force claim against defendant J. Partida for failure to satisfy the exhaustion requirements in Title 42, United States Code, Section 1997e(a).

///

///

### *Motion to Dismiss for Failure to State a Claim*

Plaintiff's Complaint also names S. Rutledge and A. Lewis as defendants and states that they violated his constitutional rights under the Eighth Amendment. However, the narrative section of the Complaint does not include any specific factual allegations against them. Therefore, these defendants argue that they should be dismissed because the Complaint fails to state an Eighth Amendment claim against them. Plaintiff acknowledges that the Complaint does not include enough allegations to state a claim against defendants S. Rutledge and A. Lewis. However, he argues that the Court should grant him leave to amend his Complaint, because he believes he can cure the defects in his Eighth Amendment claims against these defendants.[3] It is therefore RECOMMENDED that plaintiff's Motion to Dismiss defendants S. Rutledge and A. Lewis be GRANTED.

### *Leave to Amend*

A court order that grants a motion to dismiss a complaint must be accompanied by leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). With respect to plaintiff's allegation that defendant S. Partida violated his rights under the Eighth Amendment by using excessive force during the incident on October 19, 2010, it its RECOMMENDED that the District Court dismiss this claim with prejudice and without leave to amend. Because the record clearly establishes that plaintiff failed to timely exhaust his administrative remedies as to this Eighth Amendment claim against defendant S. Partida, plaintiff cannot amend his Complaint to correct the defects. Although improbable, it is possible that plaintiff could amend his Complaint to state an Eighth Amendment cause of action against defendants S. Rutledge and A. Lewis. It is therefore RECOMMENDED that the District Court GRANT plaintiff's request for leave to amend the allegations against these defendants.

---

[3] Plaintiff does not indicate how he could amend his Complaint to state a claim against these defendants under the Eighth Amendment.

## *Conclusion*

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). For all of the above reasons, the Court RECOMMENDS that defendants' Motion to Dismiss be GRANTED in its entirety. It is further RECOMMENDED that the dismissal as to the excessive force allegations against defendant J. Partida be with prejudice and without leave to amend, and as to defendants S. Rutledge and A. Lewis that the dismissal be without prejudice and with leave to amend.

IT IS ORDERED that ***no later than August 30, 2013*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties ***no later than September 6, 2013*** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Date: August 16, 2013

KAREN S. CRAWFORD
United States Magistrate Judge