# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY GONZALEZ, JR., J-40996,<br><br>　　　　　Plaintiff,<br>　vs.<br>J. PARTIDA; S. RUTLEDGE; and A. LEWIS,<br><br>　　　　　Defendants. | CASE NO. 12cv2153-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 16) issued by United States Magistrate Judge Karen S. Crawford, recommending that Defendants' Motion to Dismiss the Complaint (ECF No. 11) be granted and the Complaint (ECF No. 1) be dismissed.

## BACKGROUND

On August 30, 2012, Plaintiff Freddy Gonzalez, Jr., a state prisoner currently incarcerated at Calipatria State Prison and proceeding pro se, filed a "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" ("Complaint"). (ECF No. 1). Plaintiff alleges that Defendants J. Partida, S. Rutledge, and A. Lewis ("Defendants") used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. *See id*. at 2-3.

On January 25, 2013, Defendants filed the Motion to Dismiss the Complaint

1 pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). Defendants contend that the Complaint should be dismissed as to J. Partida for failure to exhaust administrative remedies, and dismissed as to S. Rutledge and A. Lewis for failure to state a claim upon which relief can be granted.

On April 8, 2013, Plaintiff filed an opposition to the Motion to Dismiss the Complaint. (ECF No.14). Plaintiff contends that he has exhausted his administrative remedies as to his Eighth Amendment claim against Defendant J. Partida. Plaintiff "acknowledges that the Complaint lacked sufficient details to describe Defendants Rutledge and Lewis' involvement," but contends that these claims "can be remedied by amendment." *Id.* at 3, 5-6.

On April 17, 2013, Defendants filed a reply in support of their Motion to Dismiss the Complaint.

On August 16, 2013, the Magistrate Judge issued the Report and Recommendation. (ECF No. 16). The Magistrate Judge recommended that the Court grant the Motion to Dismiss Plaintiff's claim against Defendant J. Partida with prejudice for failure to exhaust administrative remedies. The Magistrate Judge recommended that the Court grant the Motion to Dismiss Plaintiff's claims against Defendants S. Rutledge and A. Lewis without prejudice and with leave to amend. The Report and Recommendation provided that any objections must be filed no later than August 30, 2013.

On August 20, 2013, Defendants filed an Objection. (ECF No. 17). Defendants agree with the Magistrate Judge's recommendation that the Complaint be dismissed as to Defendant J. Partida with prejudice. Defendants contend that the Magistrate Judge erred in recommending that the Complaint be dismissed as to Defendants S. Rutledge and A. Lewis without prejudice and with leave to amend. Defendants contend that Plaintiff "should not be permitted to amend the Complaint against [Defendants] Rutledge and Lewis merely because he also failed to state a cognizable claim for relief against them." *Id.* at 1.

On August 29, 2013, the Court granted Plaintiff an extension of time to file any objections to the Report and Recommendation, and instructed Plaintiff to file any objections no later than September 30, 2013. (ECF No. 19). The docket reflects that Plaintiff has not filed any objections to the Report and Recommendation.

## REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After review of the Report and Recommendation, the Complaint, and the submissions of the parties, the Court finds that the Magistrate Judge correctly set forth the legal standard for evaluating a motion to dismiss for failure to exhaust pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Magistrate Judge correctly stated that "[a] prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal.'" (ECF No. 16 at 3 (*Woodford v. Ngo*, 580 U.S. 81, 83-84 (2006)). The Magistrate Judge correctly found that Plaintiff "submitted an untimely appeal to the appeals coordinator [at Calipatria State Prison] on April 8, 2011," several months after the 15-day deadline that was in place when his claim arose, and that his appeal was "rejected and canceled." (ECF No. 16 at 4-5 (citing Decl. Nava at 3, ECF No. 11-4)).

The Magistrate Judge correctly concluded that "Plaintiff has not submitted anything to overcome Defendants' evidence showing Plaintiff failed to timely exhaust his administrative remedies." *Id.* at 7.  The Court adopts the recommendation of the Magistrate Judge to Dismiss the Complaint as to Defendant J. Partida with prejudice and without leave to amend.

In light of Plaintiff's acknowledgment that the Complaint "does not include enough allegations to state a claim against Defendants S. Rutledge and A. Lewis," the Magistrate Judge correctly recommended that the Motion to Dismiss the Complaint as to Defendants S. Rutledge and A. Lewis be granted.  *Id.* at 8.  The Magistrate Judge correctly stated that, "[a]lthough improbable, it is possible that Plaintiff could amend his Complaint to state an Eighth Amendment cause of action against Defendants S. Rutledge and A. Lewis."  *Id.*  Accordingly, the Magistrate Judge correctly recommended that such dismissal be without prejudice and with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation is ADOPTED in its entirety (ECF No. 16); and (2) the Motion to Dismiss the Complaint is GRANTED (ECF No. 11).  The Complaint (ECF No. 1) is DISMISSED with prejudice and without leave to amend as to Defendant J. Partida, and DISMISSED without prejudice and with leave to amend as to Defendants S. Rutledge and A. Lewis.

**No later than forty-five (45) days from the date of this Order**, Plaintiff may file a first amended complaint.  If Plaintiff files a first amended complaint, the pleading must be complete in itself, and may not incorporate by reference any prior pleading.

DATED:  September 30, 2013

**WILLIAM Q. HAYES**
United States District Judge