# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY GONZALEZ, JR., J-40996<br><br>Plaintiff,<br>vs.<br>J. PARTIDA; S. RUTLEDGE; and A. LEWIS,<br><br>Defendant. | CASE NO. 12cv2153-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration and Objection to Report and Recommendation filed by Plaintiff. (ECF No. 31).

## BACKGROUND

On August 30, 2012, Plaintiff Freddy Gonzalez, Jr., a state prisoner currently incarcerated at Calipatria State Prison and proceeding pro se, filed a "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" ("Complaint"). (ECF No. 1). Plaintiff alleged that Defendants J. Partida, S. Rutledge, and A. Lewis ("Defendants") used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 2-3.

On January 25, 2013, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). Defendants moved

the Court for an order dismissing the Complaint as to J. Partida for Failure to exhaust administrative remedies, and dismissing the Complaint as to S. Rutledge and A. Lewis for failure to state a claim upon which relief can be granted.

On April 8, 2013, Plaintiff filed an opposition to the Motion to Dismiss the Complaint. (ECF No.14). Plaintiff asserted that he has exhausted his administrative remedies as to his Eighth Amendment claim against Defendant J. Partida. Plaintiff "acknowledge[d] that the Complaint lacked sufficient details to describe Defendants Rutledge and Lewis' involvement," but asserted that these claims "can be remedied by amendment." *Id.* at 3, 5-6.

On April 17, 2013, Defendants filed a reply in support of their Motion to Dismiss the Complaint. (ECF No. 15).

On August 16, 2013, the Magistrate Judge issued a Report and Recommendation. (ECF No. 16) recommending that the Court grant the Motion to Dismiss Plaintiff's claim against Defendant J. Partida with prejudice for failure to exhaust administrative remedies. The Magistrate Judge recommended that the Court grant the Motion to Dismiss Plaintiff's claims against Defendants S. Rutledge and A. Lewis without prejudice and with leave to amend. The Report and Recommendation provided that any objections must be filed no later than August 30, 2013.

On August 20, 2013, Defendants filed an Objection. (ECF No. 17). Defendants asserted that the Magistrate Judge erred in recommending that the Complaint be dismissed as to Defendants S. Rutledge and A. Lewis without prejudice and with leave to amend.

On September 4, 2013, the Court granted Plaintiff an extension of time to file any objections to the Report and Recommendation, and instructed Plaintiff to file any objections no later than September 30, 2013. (ECF No. 19). Plaintiff did not file any objections to the Report and Recommendation before September 30, 2013, and the Court issued an Order adopting the Report and Recommendation in its entirety and dismissing the Complaint. (ECF No. 20).

1 | On September 27, 2013, Plaintiff filed a Motion for Extension of Time to file a
2 | response to the Report and Recommendation. (ECF No. 19).

3 | On October 1, 2013, the Court granted Plaintiff a second extension of time,
4 | vacated its September 30, 2013 Order, and ordered the Clerk of Court to reopen the
5 | case. (ECF No 22). The Order instructed Plaintiff to file any objections within 60 days.
6 | *Id*.

7 | On December 6, 2013, the Court granted Plaintiff a third extension of time to file
8 | any objections to the Report and Recommendation, and instructed Plaintiff to file any
9 | objections within 60 days. (ECF No. 25).

10 | On December 17, 2013, Plaintiff filed a motion for an extension of time to amend
11 | the Complaint. (ECF No. 27).

12 | On January 6, 2014, the Court denied Plaintiff's motion as premature and stated
13 | that Plaintiff has until February 4, 2014 to file any objections to the Report and
14 | Recommendation. (ECF No. 28). Plaintiff filed no objections.

15 | On February 25, 2014, the Court ordered that (1) the Report and
16 | Recommendation is adopted in its entirety and (2) the Motion to Dismiss the Complaint
17 | is granted. The Court ordered the Complaint to be dismissed with prejudice and without
18 | leave to amend as to Defendant J. Partida, and dismissed without prejudice and with
19 | leave to amend as to Defendants S. Rutledge and A. Lewis within 45 days of the date
20 | of the Order. (ECF No. 29).

21 | On March 19, 2014, Plaintiff filed a Motion for Reconsideration and Objection
22 | to the Report and Recommendation asking the Court to: (1) vacate the dismissal; (2)
23 | allow and consider objection to the Recommendation; (3) deny defendants Motion to
24 | Dismiss Defendant J. Partida; (4) grant time extension to amend grounds for relief in
25 | regards to Defendants S. Rutledge and A. Lewis; (5) grant an evidentiary hearing and
26 | discovery; and (6) anything else the court deems proper in the interest of justice. (ECF
27 | No. 31).

28 |

# RULING OF THE COURT

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report...to which objection is made," and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 114, 1121-22 (9th Cir. 2003) (en banc).

Plaintiff objects to the finding in the Report and Recommendation that Plaintiff has failed to "submit[] anything to overcome Defendants' evidence showing Plaintiff failed to timely exhaust his administrative remedies." (ECF No. 16 at 7). In his objections, Plaintiff asserts that "there is no actual 'proof' that plaintiff filed a Appeal on Nov. 3 2010, nor is there any proof he did not file it." (ECF. No. 31 at 4).

After de novo review of the Report and Recommendation, the Complaint, and the submissions of the parties, the Court finds that the Magistrate Judge correctly concluded that "Plaintiff has not submitted anything to overcome Defendants' evidence showing Plaintiff failed to timely exhaust his administrative remedies." (ECF No. 16 at 7). Defendants have met their burden of proof providing evidence that Plaintiff did not exhaust his administrative remedies before commencing this action. (ECF No. 16 at 4-5).

IT IS HEREBY ORDERED that Plaintiff's motion (ECF No. 31) is granted in part and denied in part as follows: (1) the motion to vacate dismissal order is DENIED; (2) the motion to allow and consider objection to the recommendation is GRANTED; (3) the motion to deny Defendants Motion to Dismiss Defendant J. Partida is DENIED; (4) the motion to grant time extension to amend ground for relief in regards to S. Rutledge and A. Lewis is GRANTED; (5) the request to grant an evidentiary hearing

and discovery is DENIED; and (6) the request for anything else the Court deems proper in the interest of justice is DENIED.

**No later than sixty (60) days from the date of this Order,** Plaintiff may file a first amended complaint against Defendants S. Rutledge and A. Lewis. If Plaintiff files a first amended complaint, the pleading must be complete in itself, and may not incorporate by reference any prior pleading.

DATED: July 28, 2014

**WILLIAM Q. HAYES**
United States District Judge